Dixon v New York City Hous. Auth. (2019 NY Slip Op 07008)





Dixon v New York City Hous. Auth.


2019 NY Slip Op 07008


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9942 303177/15

[*1]Kim Dixon, Plaintiff-Respondent,
v
The New York City Housing Authority, Defendant-Appellant, New York City Department of Parks & Recreation, Defendant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Silbowitz Garafola Silbowitz Schatz & Frederick, LLP, New York (Mitchell Silbowitz of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about July 13, 2018, which denied the New York City Housing Authority's (NYCHA) motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
Plaintiff alleges that she slipped and fell on ice as she was walking through a playground at a NYCHA premises at approximately 8:30 a.m. on January 19, 2015. Plaintiff claimed to have first noticed the ice, which she described as "shiny" and "dirty," after her fall, and her son took a picture of it. NYCHA moved for summary judgment, claiming that it did not have actual or constructive notice of any dangerous ice in the subject area. In support of its motion, NYCHA submitted an affidavit and weather records collected by a climatologist, who opined that despite precipitation the morning before the accident, it was impossible for ice to have formed at the premises in the 24 hours prior to plaintiff's fall.
In opposition, plaintiff submitted deposition testimony from two NYCHA maintenance employees, both of whom indicated that de-icing material was being applied in the subject area at the time plaintiff was observed by a maintenance employee to be on the ground after her fall. In addition, plaintiff's fall was noted in NYCHA's daily maintenance logbook, and a further logbook entry indicted NYCHA's maintenance supervisor at the complex had directed staff personnel to inspect and de-ice the walkways where needed.
This evidence, along with an expert-enhanced digital photograph of the surface area on which plaintiff claimed she fell (the photograph that plaintiff's son took only minutes after her fall), when viewed favorably to plaintiff as opponent of the motion, raise factual issues as to whether a hazardous ice condition caused her fall and whether such condition existed for a sufficient period of time to attribute constructive notice of it to NYCHA (see Adario-Caine v 69th Tenants Corp., 164 AD3d 1143 [1st Dept 2018]; Perez v New York City Hous. Auth., 114 AD3d 586 [1st Dept 2014]).
We have considered NYCHA's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK